UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DAVID LEE HARMON,

      Plaintiff,

v.                              Case No:  2:20-cv-155-FtM-29MRM

FNU BLACK, Dr. and FLORIDA
CENTER FOR FOOT & ANKLE
RECONSTRUCTION ORTHOPEDICS,

      Defendants.

_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff David Lee Harmon, who is confined in the Charlotte County Jail, instituted this action by filing a *pro se* Complaint for Violation of Civil Rights under 42 U.S.C. § 1983 (Doc. #1). Plaintiff seeks to proceed i*n forma pauperis* on his Complaint (Doc. #4).  Because the Court finds the Complaint subject to dismissal under 28 U.S.C. § 1915A and § 1915(e), the Court will not grant Plaintiff *in forma pauperis* status nor assess the $350.00 filing fee under 28 U.S.C. § 1915(b)(1).

Plaintiff's status as a prisoner[1] seeking to proceed *in forma pauperis* mandates the Court to conduct a frivolity screening to determine whether the Complaint "is frivolous, malicious, or fails

_____

[1] It is unclear whether Harmon is pretrial detainee or a prisoner. However, Harmon is considered a prisoner for purposes of review under 28 U.S.C. § 1915A, as the term includes "any persons incarcerated or detained in any facility who is accused of . . . violations of criminal law . . . ." Id. § 1915A(c).

to state a claim upon which relief may be granted; or, alternatively "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(a)-(b)(requiring court to review "before docketing, if feasible" a prisoner complaint and identify cognizable claims or dismiss the complaint); *see also* 28 U.S.C. § 1915(e)(2)(B)(ii)(permitting court *sua sponte* to dismiss a case for failing to state claim at any time notwithstanding that any filing fee has been paid). The phrase "fails to state a claim upon which relief may be granted" has the same meaning as the nearly identical phrase in Federal Rule of Civil Procedure 12(b)(6). See Leal v. Ga. Dep't of Corr._, 254 F.3d 1276, 1278-79 (11th Cir. 2001)(per curiam). While a complaint need not provide detailed factual allegations, there "must be enough to raise a right to relief above the speculative level," and the complaint must contain enough facts to state a claim that is "plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007). In making the above determinations, all factual allegations in the complaint must be liberally construed and accepted as true. Leib v. Hillsborough Cty. Pub. Transp. Comm'n., 558 F.3d 1301, 1305 (11th Cir. 2009).

To state a § 1983 claim, a plaintiff must allege that (1) the defendant deprived him of a right secured under the Constitution or federal law, and (2) the deprivation occurred under color of state law. Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011)

(citing <u>Arrington v. Cobb County</u>, 139 F.3d 865, 872 (11th Cir. 1998).   In addition, a plaintiff must allege and establish an affirmative causal connection between the defendant's conduct and the constitutional deprivation. <u>Marsh v. Butler County, Ala.</u>, 268 F.3d 1014, 1059 (11th Cir. 2001).

The Complaint names the following as defendants:  Dr. Black, an orthopedic surgeon, and Florida Center for Foot & Ankle Reconstruction Orthopedics, the business "that employs Dr. Black" in Cape Coral, Florida. Doc. #1 at 2, 6. Under the Statement of Claim section of the Complaint, Harmon alleges "Dr. Black did knowingly put my life and body in danger because of his <u>malpractice</u> and caused me pain and suffering."  <u>Id.</u> at 5 (emphasis added).

The Complaint sets forth these brief facts.  Harmon was sent for a consultation with Dr. Black about Harmon's "broken bones" by Corizon Health Services and the Charlotte County Jail. <u>Id.</u> at 6. Harmon was in a wheelchair and during the examination Dr. Black "stretched and pulled on [Plaintiff's] broken foot" which caused Plaintiff "so much pain" he "almost lost consciousness." <u>Id.</u>  Dr. Black advised the officers escorting Harmon he "wanted [Harmon] up and walking." <u>Id.</u>  Harmon wore an "'air' cast boot" and "fell a few times from pain and loss of feeling in [his] leg." <u>Id.</u> Eventually Harmon saw another surgeon who performed surgery on him and "was appalled to here [sic] of this" and put [Harmon] back into [his] wheelchair." <u>Id.</u>  As relief, Harmon seeks unspecified

"monetary relief" and "news" that Dr. Black "can't hurt anyone again." Id. 8-9.

Initially, the Complaint contains no allegations from which the Court can construe that either Dr. Black or Florida Center for Foot & Ankle Reconstruction Orthopedics are state actors.  To the contrary, the Complaint states Dr. Black is an orthopedic surgeon employed at Florida Center for Foot & Ankle Reconstruction Orthopedic in Cape Coral, Florida.  There are no allegations that either defendant was affiliated with Charlotte County Jail.  See Harvey v. Harvey, 949 F.2d 1127, 1133-34 (11th Cir. 1992)(distinguishing private physicians and holding "private physicians not under contract with a state institution" are not state actors).  Dr. Black did not examine or treat Harmon at the jail but examined Harmon at his employer's place of business.  A private business is not considered "persons acting under color of state law" for 42 U.S.C. § 1983.  See Rayburn v. Hogue, 241 F.3d 1341, 1347 (11th Cir. 2001).  "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." Blum v. Yaretsky, 457 U.S. 991, 1002 (1982) (internal quotations and citations omitted). In rare circumstances, a private party may be considered a state actor for § 1983. Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992); see also Lugar v. Edmondson Oil Co., 457 U.S. 922, 938-39 (1982).  Here, the Complaint does not allege any facts from which

the Court can liberally construe that either Dr. Black or his employer are state actors. See Rayburn, 241 F.3d at 1347.

Alternatively, the Court finds the Complaint fails to plausibly claim an Eighth Amendment constitutional violation even under a liberal construction.  To articulate a claim under § 1983 for inadequate medical treatment, the Complaint must allege that the failure to provide adequate treatment amounted to cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution.  The Complaint expressly predicates liability upon Dr. Black for "malpractice" when examining Plaintiff's "broken bones" and recommending Plaintiff walk with an air cast boot.  Liberally construed, Plaintiff's claims sound in negligence.  Negligence in providing medical care, including medical care that constitutes state law malpractice, does not state a valid claim for deliberate indifference under the Eighth Amendment.  Estelle v. Gamble, 429 U.S. 97, 105-06 (1976).  Nor does the fact that a subsequent doctor disagreed with Dr. Black's medical judgment give rise to an Eight Amendment claim  Id. at 107; Harris v. Thigpen, 941 F. 2d 1495, 1505 (11th Cir. 1991). Harmon claims Dr. Black's examination of his broken bones caused him pain, but "[m]edical treatment violates the eighth amendment only when it is 'so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness.'"  Id., 941 F.2d at 1505 (quoting Rogers v. Evans, 792

F.2d 1052, 1058 (11th Cir. 19860)).  Finally, Florida Center for Foot & Ankle Reconstruction Orthopedics cannot be liable under section 1983 on a respondeat superior or vicarious liability basis. Monell v. Dep't of Social Serv., 436 U.S.C. 658 (1978).

The Court finds the case must be dismissed under 28 U.S.C. § 1915A and § 1915(e)(2)(B)(ii) because the Complaint fails to allege a violation of a constitutional right under § 1983 and fails to allege any fact from which the Court can find either defendant is a state actor.  See Freeze v. Sawyer, No. 18-12671 (11th Cir. April 3, 2020)(affirming  district court's authority to *sua sponte* dismiss *pro se* plaintiff's complaint after determining it failed to state a claim under § 1915(e)(2)(B)(ii)). The Court is mindful in certain circumstances, a *pro se* litigant must be given an opportunity to amend his complaint. See Brown v. Johnson, 387 F.3d 1344, 1349 (11th Cir. 2004) (finding "[b]ecause [plaintiff] filed his motion to amend before the district court dismissed his complaint and before any responsive pleadings were filed, [plaintiff] had the right to amend his complaint under Rule 15(a)."); see also Troville v. Venz, 303 F.3d 1256, 1260 (finding "no error" in district court's sua sponte dismissal but because plaintiff requested leave to amend before dismissal court plaintiff should have granted leave); Bryant v. Dupree, 252 F.3d 1161, 1163-64 (11th Cir. 2001) (finding district court's denial of motion to amend in response to motion to dismiss improper).

Plaintiff does not seek to amend his complaint.  Further, because the Court is dismissing this case *without prejudice,* Plaintiff may file a new complaint in a new action if he can plausibly state an Eighth Amendment claim of deliberate indifference to medical care and allege an affirmative causal connection between a state actor's conduct and the constitutional deprivation.

Accordingly, it is hereby

**ORDERED:**

1. Plaintiff's Complaint (Doc. #1) is dismissed **without prejudice** under § 1915A(b)(1) and § 1915(e)(2)(B)(ii).

2. The **Clerk of Court** shall terminate any pending motions, enter judgment, and close this file.

3. The **Clerk** shall enclose a blank complaint form and affidavit of indigency form with this Order.

**DONE and ORDERED** at Fort Myers, Florida, this ___22nd___ day of April, 2020.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

SA:  FTMP-1
Copies:
Counsel of Record